UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>V. NOGUCHI,<br><br>　　　　　Defendant. | No. 2:17-cv-01193 MCE AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On June 12, 2017, the court denied plaintiff's application to proceed in forma pauperis after determining that he was a "three-striker" within the meaning of 28 U.S.C. § 1915(g). ECF No. 6. It ordered plaintiff to pay the filing fee within thirty days – a deadline that has not yet run. Id. Now, plaintiff has filed a motion for reconsideration of the denial of his application to proceed in forma pauperis. ECF No. 10. This motion will be denied.

In his motion, plaintiff argues that he falls into the "imminent danger" exception to the three strikes provision in 28 U.S.C. § 1915(g). ECF No. 10 at 2. He argues that Mule Creek State Prison is the leading prison for attacks on inmates convicted of "sex related crimes." Id. at 1. He offers no allegation of any specific threat, but claims that he will be able to make a more specific showing of imminent danger if he is permitted to engage in discovery. Id. at 2. These arguments are not persuasive. First, plaintiff's motion for in forma pauperis (filed simultaneously

1

with his complaint) indicates that he was housed at the California Substance Abuse Treatment Facility and State Prison, and not Mule Creek, at the time he filed this suit. See ECF No. 2. It is true that the events giving rise to this suit allegedly occurred at Mule Creek, but this has no applicability to the question of whether plaintiff was in imminent danger at the time this suit was *filed*. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that availability of imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."). Second, it is unclear why proceeding to discovery would be necessary to make a showing of imminent danger. Plaintiff is not required to prove his allegations of imminent danger or support them with concrete evidence at the time he seeks leave to proceed in forma pauperis. Id. ("[T]he issue [under § 1915(g)] is whether his complaint, as a whole, *alleges* imminent danger of serious physical injury.") (quoting Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)) (emphasis added). It is enough to state his allegations of imminent danger specifically and unambiguously – something plaintiff has not done in either his motion for reconsideration or his complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 10) is DENIED.

DATED: July 11, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE