UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH,<br><br>Plaintiff,<br><br>v.<br><br>V. NOGUCHI,<br><br>Defendant. | No. 2:17-cv-1193 MCE AC P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This case is before the court on remand from the Ninth Circuit Court of Appeals, which instructed the court to vacate its order denying plaintiff in forma pauperis status. See ECF No. 17. Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff filed a complaint in this court on May 2, 2017. ECF No. 1. At the same time, he filed a motion to proceed in forma pauperis. ECF No. 2.

On June 12, 2017, the undersigned denied plaintiff's in forma pauperis request pursuant to 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

The undersigned found that plaintiff had three prior cases dismissed in this court at the screening stage for failure to state a claim: (1) Joseph v. California Prison Industry Authority et al., Case No. 2:13-cv-00122 CKD, 2013 U.S. Dist. LEXIS 78588 (E.D. Cal. June 4, 2013); (2) Joseph v. Smith, Case No. 2:12-cv-01935 CMK, 2016 U.S. Dist. LEXIS 23324 (E.D. Cal. Feb. 25, 2016); and (3) Joseph v. Heatley, et al., Case No. 2:13-cv-00879 CMK, 2016 U.S. Dist. LEXIS 129994 (E.D. Cal. Sep. 22, 2016). Moreover, the undersigned found pursuant to Andrews v. Cervantes, 493 F.3d 1047, 1049-50 (9th Cir. 2007), that the complaint did not allege sufficient facts to indicate that plaintiff was in imminent danger of serious physical injury. See ECF No. 6. The complaint alleged, inter alia, that defendant had falsely accused plaintiff of indecent exposure, and that the false accusation caused him "shame, humiliation, and belittlement." Specifically, a yellow card was placed in the window of plaintiff's cell, and he faced disciplinary charges. ECF No. 1 at 3-4. Although plaintiff averred that "the defendant['s] actions almost cause me to be assaulted or killed by having the yellow placecard," ECF No. 4, he provided no facts regarding any actual, attempted, or threatened assault, and alleged no facts indicating that he was at any risk of future violence. Accordingly, the undersigned found that his allegations were insufficient to give rise to an inference of imminent physical danger. See ECF No. 6 at 2 & n.2.

On July 5, 2017, plaintiff filed a motion for reconsideration of his request to proceed with in forma pauperis status. ECF No. 10. The motion was denied. ECF No. 11. On July 10, 2017, plaintiff filed an interlocutory appeal in the Ninth Circuit. ECF Nos. 13, 16. On appeal, plaintiff presented the substance of his claims for relief. Compare ECF No. 1, with ECF No. 16 at 1-6. A copy of this court's denial of plaintiff's in forma pauperis request was attached to the pleading as an exhibit. See ECF No. 16 at 8-10.

On November 15, 2017, the Ninth Circuit issued a remand order directing this court to vacate its June 12, 2017 order denying IFP status, on grounds that the magistrate judge was without authority to enter the order absent consent of the parties. See ECF No. 17 (citing 28 U.S.C. § 636(c) and Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988)). On December 6, 2017, the mandate issued. ECF No. 18.

////

Accordingly, IT IS HEREBY ORDERED that this court's June 12, 2017 order denying plaintiff in pauperis status (ECF No. 6) is VACATED.

It is HEREBY RECOMMENDED, for the reasons set forth above, that the court deny plaintiff's request for in forma pauperis status (ECF No. 2) pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3